IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
CECELY CHAPMAN,                  :    CIVIL ACTION
                                 :    NO. 07-4553
          Plaintiff,             :
                                 :
     v.                          :
                                 :
                                 :
HOMECOMINGS FINANCIAL            :
SERVICES, LLC et al.,            :
                                 :
          Defendants.            :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              APRIL 25, 2008

Before the Court are Plaintiff Cecily Chapman's request for entry of default (doc. no. 15) and motion for default judgment (doc. no. 14) against Defendants Bashir Bradley, an individual alleged to reside in Delaware, and B. Bradley & Associates, Inc., a corporation alleged to be incorporated and doing business in Delaware (the "Bradley Defendants").  For the reasons that follow, the request for entry of default and motion for default judgment will be denied without prejudice.

II.  REQUEST FOR ENTRY OF DEFAULT

Federal Rule of Civil Procedure 55 requires the clerk of court to enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."

Fed. R. Civ. P. 55(a). The Bradley Defendants have failed to respond to the complaint. Therefore, whether default should be entered turns solely on whether the Bradley Defendants were properly served with the complaint.

Federal Rule of Civil Procedure 4 permits service to be made upon an individual or organizational party by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); Fed. R. Civ. P. 4(h)(1)(A).[1] This Court is located in Pennsylvania, and Chapman attempted to make service in Delaware. Therefore, the Court must assess whether sending a copy of the complaint by U.S. certified mail is a proper method of service under either Pennsylvania or Delaware law.

### A. Pennsylvania

The Pennsylvania Rules of Civil Procedure permit the service of process upon an individual or corporation "outside the Commonwealth . . . by mail in the manner provided by Rule 403."

---

[1] Federal Rule of Civil Procedure 4 permits other means of service, but Chapman has not utilized any of those means. See Fed. R. Civ. P. 4(e)(2) (permitting personal service upon the individual, a suitable person who resides at his abode, or an authorized agent); Fed. R. Civ. P. 4(h)(1)(B) (permitting personal service upon an officer or any authorized agent of a corporation).

Pa. R. Civ. P. 404(2).[2]  Rule 403 requires that "a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent."  Pa. R. Civ. P. 403.  The note accompanying the rule clarifies that the U.S. postal service "provides for restricted delivery mail, which can only be delivered to the addressee or his authorized agent.  Rule 403 has been drafted to accommodate the Postal Service procedures with respect to restricted delivery."  Id.  Thus, under Pennsylvania law, service by mail upon an out-of-state individual or corporation is not proper unless it is effected by a form of mail requiring a receipt signed by the defendant or his authorized agent, such as U.S. restricted delivery mail.  See Del. River Tow, LLC v. Nelson, 382 F. Supp. 2d 710, 717-18 (E.D. Pa. 2005) (granting motion to set aside entry of default because of such defective service).

  Here, Plaintiff sent copies of the complaint to the

---

[2]  Pennsylvania Rule of Civil Procedure 404 does not specify whether it applies to service upon individuals, corporations, or both.  Nonetheless, both this Court and the Pennsylvania Superior Court have construed the rule to apply to corporations as well as individuals.  See City of Allentown v. O'Brien & Gere Engineers, Inc., No. 94-2384, 1995 WL 380019, at *7 (E.D. Pa. June 26, 1995) (unpublished) ("[T]he Pennsylvania Superior Court addressed this issue and concluded that the Pennsylvania Rules of Civil Procedure permit service of process by mail on foreign corporations notwithstanding the provisions of Rule 424 [requiring service on domestic corporations to be accomplished by personal delivery]" (citing Reichert v. TRW, Inc., 561 A.2d 745, 750-51 (Pa. Super. 1989), rev'd on other grounds, 611 A.2d 1191 (Pa. 1992))).

Bradley Defendants by certified mail, but did not select restricted delivery and did not otherwise require a return receipt.  See Affs. of Service (doc. nos. 3, 4, 5, 6, and 9).  Therefore, service was not properly made on the Bradley Defendants under Pennsylvania law.

    B.    Delaware

Delaware law does not provide for service by mail upon individual residents of Delaware or domestic corporations.  See 10 Del. Code §§ 3103(a), 3111; Alwakhad v. Amin, No. L-21-479, 2005 WL 2266662, at *3 (Del. Super. Ct. Sept. 14, 2005) (unpublished) ("Delaware law does not provide for service by mail . . . .  Long arm service is permitted under Delaware law, but the long arm statute applies to non-resident persons and corporations." (emphasis omitted)).[3]  Therefore, Chapman's

---

[3] Section 3103 of title 10 of the Delaware Code governs service upon individuals in Delaware.  It provides that process "may be served on the defendant in the manner prescribed by any rule of court, or by stating the substance of it to the defendant personally, or by leaving a copy of it at the defendant's usual place of abode, in the presence of some adult person, 6 days before the return thereof."  10 Del. Code § 3101(a).  The Delaware rules of court do not provide for service by mail upon individual residents of Delaware or domestic corporations.  See Del. Sup. Ct. Civ. R. 4(f) (permitting personal delivery to residence or authorized agent of individual, or an officer or authorized agent of a corporation); Del. Com. Pl. Ct. Civ. R. 4(f) (same); Del. Chancery Ct. R. 4(d) (permitting personal service).  Section 3111 of title 10 of the Delaware Code governs service upon corporations, and does not permit service of process upon a domestic corporation by mail.  10 Del. Code § 3111.

attempt to serve the Bradley Defendants did not comply with Delaware law.

Accordingly, because Plaintiff did not serve the complaint upon the Bradley Defendants in accordance with either Pennsylvania or Delaware law, the attempted service did not comply with Rule 4 of the Federal Rules of Civil Procedure. Therefore, because the complaint was not properly served upon the Bradley Defendants, the request for entry of default will be denied without prejudice.

III. MOTION FOR DEFAULT JUDGMENT

Plaintiff filed the request for entry of default and motion for default judgment simultaneously (doc. nos. 14 and 15). Because the clerk of court has not yet entered default, the motion for default judgment is premature, and must be denied without prejudice. See GE Healthcare Fin. Servs. v. New Brunswick X-Ray Group, PA, No. 05-833, 2007 WL 38851, at *3 (D.N.J. Jan. 4, 2007) (noting that "the entry of a default" is a necessary precondition to filing a motion for default judgment).[4]

---

[4] The decision in GE Healthcare helpfully lays out the requirements for a motion for default judgment:

> An application for entry of default judgment must contain evidence, by affidavit and documents, of: (1) the entry of a default pursuant to Federal Rule of Civil Procedure 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor incompetent; (4)

IV.   CONCLUSION

The request for entry of default (doc. no. 15) will be denied without prejudice.  The motion for default judgment (doc. no. 14) will be denied without prejudice.

An appropriate order follows.

---

that the defendant has been validly served with all pleadings; (5) the amount of the judgment and how it was calculated; and (6) an affidavit of non-military service in compliance with the Soldiers and Sailors' Relief Act.

2007 WL 38851, at *3.

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CECELY CHAPMAN,                  :    CIVIL ACTION
                                 :    NO. 07-4553
        Plaintiff,               :
                                 :
        v.                       :
                                 :
                                 :
HOMECOMINGS FINANCIAL            :
SERVICES, LLC et al.,            :
                                 :
        Defendants.              :
```

## O R D E R

**AND NOW**, this **25th** day of **April, 2008,** for the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that Plaintiff's request for entry of default (doc. no. 15) is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment (doc. no. 14) is **DENIED without prejudice.**

**AND IT IS SO ORDERED.**

                                        S/Eduardo C. Robreno
                                        **EDUARDO C. ROBRENO, J.**